Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
5055 Wilshire Blvd, Suite 300
Los Angeles, CA  90036
T: (323) 988-2400; F: (866) 802-0021
Attorneys for Plaintiff,

## UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| JOY BAUER ) | **Case No.:** |
| ) | |
| Plaintiff, ) | **VERIFIED COMPLAINT AND DEMAND** |
| ) | **FOR JURY TRIAL** |
| vs. ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| NCO FINANCIAL SYSTEMS, INC ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

COMES NOW the Plaintiff, JOY BAUER ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, NCO FINANCIAL SYSTEMS INC, alleges and affirmatively states as follows:

## INTRODUCTION

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to

- 1 -

promote consistent State action to protect consumers against debt collection abuses.  (15 U.S.C. 1692(a) – (e)).

2.      The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. (Cal. Civ. Code §1788.1(a) – (b)).

3.      Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of NCO FINANCIAL SYSTEMS, INC (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.      For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

5.      Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

6.      Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

VERIFIED COMPLAINT

7.     Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

8.     Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

9.     Plaintiff is a natural person who resides in the City of Maricopa, County of Pinal, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

10.     Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11.     Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of Rancho Cordova, County of Sacramento, State of California.

12.     Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.     Plaintiff is informed and believes, and thereon alleges, that Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

VERIFIED COMPLAINT

## FACTUAL ALLEGATIONS

14.     Defendant has been placing constant and continuous collection calls to Plaintiff seeking and demanding payment for an alleged debt.

15.     Defendant failed to mail a written letter describing Plaintiff's rights with respect to the debt in controversy within 5 days after the Defendant's initial communication with Plaintiff.

16.     Defendant continued contacting and demanding payment from Plaintiff by placing an excessive amount of phone calls and causing her phone to ring constantly and continuously.

17.     Defendant continuously made collection calls to Plaintiff's colleagues at work regarding the alleged debt after Plaintiff had requested Defendants to cease all communication at her office.

18.     Defendant contacted third parties unrelated to the debt, including Plaintiff's brother who was called 6 times in one day. (See Exhibit A).

19.     Defendant placed collection calls to Plaintiff's mother who was called several times after receiving Plaintiff's request to cease in all communications.  (See Exhibit B).

20.     On June 5, 2008, Plaintiff retained KROHN & MOSS, LTD. to be her legal representation in the present matter.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

21.     Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

22.     Defendant **violated the FDCPA**.   Defendant's violations include, but are not limited to the following:

- 4 -

VERIFIED COMPLAINT

a).     Defendant violated the FDCPA § 1692b when Defendant, through its agents and employees, continuously contacted third parties, Plaintiff's relatives, regarding the debt in controversy.

b).     Defendant violated the FDCPA § 1692c(a)(1) when Defendant, through its agents and employees, communicated with Plaintiff at an unusual time, frequently after 9 p.m.

c).     Defendant violated the FDCPA § 1692c(a)(3) when Defendant, through its agents and employees, placed collection calls to Plaintiff's at work, regarding the alleged debt after a request was made by Plaintiff not to do so.

d).     Defendant violated the FDCPA § 1692d(5) when Defendant, through its agents and employees, excessively placed collection calls to Plaintiff.

23.     As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, humiliation, anger and fear. (<u>See Exhibit C</u>).

<u>**COUNT II**</u>

<u>**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.**</u>

24**.**     Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

25.     Defendant **violated the RFDCPA**.  Defendant's violations include, but are not limited to the following:

a).     Defendant violated the RFDCPA § 1788.11(e) when Defendant, through its agents and employees, excessively placed so many calls to Plaintiff as to be unreasonable and to constitute harassment to Plaintiff.

b).     Defendant violated the RFDCPA § 1788.13(d) when Defendant, through its agents, employees and legal counsel,  contacted a third party, other than Plaintiff or her spouse pertaining to the alleged debt.

- 5 -

VERIFIED COMPLAINT

c).     Defendant violated the RFDCPA § 1788.17 when Defendant, through its agents and employees, continuously failed to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.*

26.    As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, humiliation, anger and fear. (See Exhibit C).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

27. Declaratory judgment that the Defendant's conduct violated the State Act, RFDCPA, and Federal Act, FDCPA.

28. Actual damages.

29. Statutory damages pursuant to the State Act, Cal. Civ. Code § 1788.30(b).

30. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

31. Costs and reasonable attorney's fees pursuant to the State Act, Cal. Civ Code § 1788.30(c) and the Federal Act, 15 U.S.C. 1692k.

32. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED:  July 17, 2008                KROHN & MOSS, LTD.

By: _____

Nicholas J. Bontrager
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOY BAUER, hereby demands trial by jury in this action.

- 6 -

VERIFIED COMPLAINT

Case 2:08-cv-01702-GEB-DAD Document 1 Filed 07/23/08 Page 7 of 13

1 ## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

2

3 STATE OF CALIFORNIA)

4     Plaintiff, JOY BAUER, having been first duly sworn and upon oath, deposes and says as

5 follows:

6

7 1. I am the Plaintiff in this civil proceeding.
   2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe
8     that all of the facts contained in it are true, to the best of my knowledge, information
    and belief formed after reasonable inquiry.
9    3. I believe that this civil Complaint is well grounded in fact and warranted by existing
    law or by a good faith argument for the extension, modification or reversal of existing
    law.
10   4. I believe that this civil Complaint is not interposed for any improper purpose, such as
    to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a
11     needless increase in the cost of litigation to any Defendant(s), named in the
    Complaint.
12   5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
   6. Each and every exhibit I have provided to my attorneys which has been attached to
13     this Complaint is a true and correct copy of the original.
   7. Except for clearly indicated redactions made by my attorneys where appropriate, I
14     have not altered, changed, modified or fabricated these exhibits, except that some of
    the attached exhibits may contain some of my own handwritten notations.
15

16

    Pursuant to 28 U.S.C. § 1746(2), I, JOY BAUER, hereby declare (or certify, verify or
17 state) under penalty of perjury that the foregoing is true and correct.

18 DATED: 7-18-08

19                         JOY BAUER, PLAINTIFF

20

21

22

23

24

25

- 7 -

VERIFIED COMPLAINT

**EXHIBIT A**

VERIFIED COMPLAINT

file:///G|/All%20Files-FDC/Open%20Files/Bauer,%20Joy%20v.%20NCO%20...,%20Inc/Prelitigation%20Investigation/CA%20Contacted%20Brother.txt

Case 2:08-cv-01702-GEB-DAD   Document 1   Filed 07/23/08   Page 9 of 13

From: gailnjoe@netzero.com [mailto:gailnjoe@netzero.com]
Sent: Friday, June 06, 2008 3:15 PM
To: bauerappraiser@onmbb.com
Subject: Re: Please send


Joy,

I can't remember the date we received those calls.  I think
it was last Wed. the 28th.  I believe they called 6 times.
The first time I spoke with someone and told them you didn't
live here.  They asked how they could get a hold of you and
I told them I didn't have your pone number.  They asked me
to give you a message to call them because it was an important
financial matter that needed quick attention.  I said I would
give you the message.  The next 3 times I told them they
already called me earlier in the day and to stop calling.  I
didn't answer twice knowing it was them because of caller ID.
I answered the last time and told them to not call anymore that
they had been calling all day.  The lady said she was sorry ,
but they had been having trouble with their computer system.
They never left voice mail.


Good luck,
Gail


_____
Hit it out of the park with a new bat. Click now!

No virus found in this incoming message.
Checked by AVG.
Version: 8.0.100 / Virus Database: 270.0.0/1487 - Release Date: 6/6/2008 8:01 AM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## **EXHIBIT B**

VERIFIED COMPLAINT

file:///G|/All%20Files-FDC/Open%20Files/Bauer,%20Joy%20v.%20NCO%20...s,%20Inc/Prelitigation%20Investigation/CA%20Contacted%20Mother.txt

Case 2:08-cv-01702-GEB-DAD   Document 1   Filed 07/23/08   Page 11 of 13

From: Joan Meyer [mailto:joanmarie007@yahoo.com]
Sent: Friday, June 06, 2008 3:05 AM
To: Joy L Bauer
Cc: undisclosed
Subject: Re: Please


Good morning, below is the info you requested...


5-27-08 @ 2:11 pm...NCO (310-862-9033) showed up on
my caller ID. I was at work...they did not leave a
message

5-27-08 @ 6:50 pm...NCO called (310-862-9033)...I
answered the phone...a woman asked for Joy Bauer...
I said she is not here...I asked what the call was
about and she said a "financial matter"....I again
stated my # is not a good # for Joy...she said she
would remove my # from here records...called ended.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT C</u>**

VERIFIED COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the
Defendant's debt collection activities:

| | | |
|---|---|---|
| 1. Sleeplessness | YES | NO |
| 2. Fear of answering the telephone | YES | NO |
| 3. Nervousness | YES | NO |
| 4. Fear of answering the door | YES | NO |
| 5. Embarrassment when speaking with family or friends | YES | NO |
| 6. Depressions (sad, anxious, or "empty" moods) | YES | NO |
| 7. Chest pains | YES | NO |
| 8. Feelings of hopelessness, pessimism | YES | NO |
| 9. Feelings of guilt, worthlessness, helplessness | YES | NO |
| 10. Appetite and/or weight loss or overeating and weight gain | YES | NO |
| 11. Thoughts of death, suicide or suicide attempts | YES | NO |
| 12. Restlessness or irritability | YES | NO |
| 13. Headache, nausea, chronic pain or fatigue | YES | NO |
| 14. Negative impact on my job | YES | NO |
| 15. Negative impact on my relationships | YES | NO |

Other physical or emotional symptoms you believe are associated with abusive debt
collection activities:_____

_____
_____
_____
_____
_____

*Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state)
under penalty of perjury that the foregoing is true and correct.*

Dated: 7-18-08

Signed Name

Printed Name